FEDERAL DISTRICT COURT FOR THE STATE OF R.I.

FIRST DISTRICT COURT PROVIDENCE, R.I.

CA 06 553

KEVIN J. SMITH, PRO-SE
V. DOCKET #
STATE OF RHODE ISLAND,
PATRICK LYNCH ESQ, ATTNY GENERAL
ASHBEL T. WALL II, DIRECTOR OF CORRECTIONS

MOTION TO ACCESS FUNDS UNDER R.I.G.L. §42-56-22(b) OF A PRO-SE LITIGANT TO ACCESS FUNDS FOR FEES AND COSTS ASSOCIATED WITH FILING, PROSECUTION OR DEFENSE OF ANY ACTION

NOW COMES THE PETITIONER KEVIN J. SMITH, PRO-SE, AND HE PRAYS FOR ASSISTANCE AND RELIEF IN THE ABOVE CITED MATTER. THE PETITIONER AVERS THE FOLLOWING TO BE TRUE AND TO THE BEST OF HIS RECOLLECTION.

(1) THAT ON THE 6TH DAY OF JANUARY 2006, THE SUPREME COURT FOR THE STATE OF RHODE ISLAND DENIED THE ABOVE PRAYED FOR RELIEF IN ASSOCIATION WITH CASE #04-367 C.A. APPEAL OF POST-CONVICTION DENIAL, AND THE HABEAS CORPUS APPLICATION ENCLOSED WITHIN THIS MOTION. THE SUPREME COURT FOR THE STATE CITED NO REASONS OR DECISIONS FOR THIS DENIAL OF PETITIONER'S MOTION TO ACCESS FUNDS.

(2) Approximately the 6th day of January 2006, A Motion for Amicus Curiae was filed by Mr. Stephen Reise on behalf of the Petitioner, and on the 8th day of January 2006, this Motion was also Denied. Mr. Reise, was in litigation against the Dept of Corrections, and he filed a Motion to Access funds under R.I.G.L. §42-56-22(b) with this Federal District Court. The Dept. of Corrections U.S.D.C. No. 04-158ML. Prior to Judgment of this Motion, the Dept. of Corrections Defendants stated that Mr. Reise was NOT in need of a move to access costs, and agreed to release the funds encumbered, (frozen) to Mr. Reise, for costs of copies and postage associated with the filing, prosecution, or defense of any action.

(3) On January 13th 2005, Justice Magistrate Hagopian Denied Mr Reise's Motion and cited the Response filed by the Defendants (Dept. of Corrections), "indicating that no court order is necessary for the plaintiff to access the funds to pay for court costs."

(4) Now the Petitioner moves to have access to these funds for copying costs, postage, etcetera, so that he may be able to prosecute a Petition of Habeas Corpus in Federal District Court. The Petitioner states an order to access these funds is necessary, not only for the Petitioner, but for any Pro-Se Litigant who wishes to prosecute, file, or

Defense of any action or the costs associated with copying and postage of this and any other Pro-Se litigation.

(5) Due to the new system implemented by the Dept. of Corrections with regards to research by Pro-Se litigants, the Petitioner is forced to purchase case law, which may or may not assist him with his litigation, at the cost of .05 (five cents) per copy page, and said Petitioner incurrs relatively substantial costs associated with copying each month. Furthermore said Petitioner is barred from accessing the law libray in this facility by the Lieutenant in charge of the recreational area, and the Correctional Officer in charge of the law library, imposed for alledgedly stealing scrap paper. This action has further imposed an unsurmountable bar to access legal research materials, and possible further improper sanctions against the Petitioner from the Dept. of Corrections, the Educational Lieutennant, and the Correctional Officer in charge of the facilities law library. The Petitione requests an order of protection barring the above cited Defendants from impeding his (Petitioner's) access to legal research materials and reasonable copying of documents for presentment to the court, to the each named Defendants, and for the Petitioner's records

WhereFore the Petitioner Kevin J. Smith, Pro-Se, Prays for the Following Relief in Association with this Motion, And his Pending Habeas Corpus Action:

a) Release of Frozen Funds within the Petitioners inmate account in accordance with R.I.G.L. §42-56-22(b), for Filing, copying, and Postage required in this and any other Pro-Se litigation by the Petitioner.

b) An order of Protection barring the Dept. of Corrections and staff, Administrative and security staff, from impeding the Petitioner's access to law and legal materials and limiting the Petitioner's necessary copying of Documents in association with any Pro-Se litigation, as well as review of any sanctions placed on the Petitioner by the Dept. of Corrections and it's ancillary Departments.

c) An order Directing the Dept. of Corrections to allow access to the encumbered funds by any Pro-Se litigant within its Penal System, for Filing, copying, Postage, and any other legitimate cost incurred in association with Pro-Se litigation, in accordance with §42-56-22(b) of the Rhode Island General Laws.

(5)

Therefore the Petitioner Kevin J. Smith Pro-se Prays for the Above Cited Relief, and Assistance with the Copying of the Documents and Distribution of these and any other Documents in this Pro-se case, Due to the Petitioner's inability to access a Copy Machine within this Facility, and the Possible Sanctions against Said Petitioner from the Correctional Staff within this Facility for citing the Violation to the Petitioners Rights to Legal Access to the Courts as well as Discrimination by this Facilities Educational Lieutenant, and Library Correctional Officer.

The Petitioner Avers the Above is True under Penalty of Purjury.

Submitted By: Kevin J Smith Pro-se 12/13/06
Kevin J. Smith Pro-se
P.O. Box 20983 A-58
Cranston, R.I. 02920

Certification 28 USC 1746

I swear upon Penalty of Purjury that a true copy was sent to the Federal District Court of R.I. for copying and distribution to the Petitioner and the Defendants this 13th Day of December 2006. Said Defendants Representitives are Housed at 40 Howard Ave, Admin "A" Building, Cranston, R.I. 02920 and Attorney General 150 South Main St. Prov. R.I. 02903 Kevin J Smith