FIRST FEDERAL DISTRICT COURT OF RHODE ISLAND

Kevin J. Smith, Pro-se

V. C.A. No. 06-~~533~~ML 553 ML

Patrick Lynch, Esq.
Attorney General,
A.T. Wall II,
Director of Corrections, Et al.

## RESPONSE TO DEFENDANT'S OBJECTION

Now Comes the Petitioner, Kevin J. Smith, Pro-se, and he respondss to the Defendant's Objection to the Petitioner's Motion to Access Funds. For the reasons cited infra, said Petitioner Prays that this court will hold a hearing on the matter of law, that the petitioner has raised as an issue, in his current Section §2254 case.

The Petitioner will show that the mis-guided attempt by the counsel of the Dept. of Corections, (herein D.O.C.), to sway this court's favor in their behalf, because of an error by the Supreme Court of the State of Rhode Island, is an effort to keep inmates from accessing those funds, as the law is intended, because it would allow large sums of interest bearing funds to be withdrawn from the D.O.C."s coffers, by inmates who choose to represent themselves, and for use in prosecuting cases within the courts system of the State, and in the Federal System.

**DISCUSSION**

Once again, the state, through its agents, counsel for the DOC, have placed irrelevant facts before this court, to portray the Petitioner in other than a favorable light to the court. The Petitioner strenuosly objects to these repeated attempts by the governmental agents to undermine the Petitioner's credibility by making suggestions as to the character of the Petitioner, without this court having all of the pertinent facts. Whether I was granted parole or not is not in issue with the Defendants, and why I am a parole violator has nothing to do with the issue to be decided. What needs to be decided is : Should a Pro-se litigant be allowed to prosecute his own issues in the court system, and be allowed to access funds **specifically** set aside for that purpose, or should the DOC be able to direct the courts in how they, (the DOC) interpret the law?

Ms. Kelly would have this court misinformed to believe that the money set aside in the encumbered account, as rehabilitative in nature, and that the DOC does not gain anything by these moneys being in their overall account. What she fails to inform the court of is, that, although these funds are put into a general account, the DOC collects interest off that account, which is credited to the DOC's budget shortfalls. She also fails to inform the court that, the State of Rhode Island's Courts, at the end of a prisoner's sentence, most of the time, will remove part, or all of these funds to satisfy court costs, fines, etc. It's like, they, the DOC, is doing the inmate a favor, by holding these funds, for his or her supposed rehabilitation, when they, in fact profit from these funds, and due to their

...current, and projected shortfalls in their budget, the removal of these funds, by any significant numbers of inmates, prosecuting their litigation, would seriously impede the reach to meet their budget. This is why, they would like to have this issue dismissed as being decided, when in fact, I was not allowed to represent myself in front of any member of the Supreme Court of the State, with regards to this **issue of law**, and with the law **as written**, I am allowed to use these funds to represent myself, no matter what Ms. Kelly's interpretation of the legislative intent is. Those are her words, not the legislatures. As I interpret those words, they mean that, I can access those funds to pay **"any court fees and court costs, required to be paid for the filing, prosecution, and defense of any action."**,

Now if the DOC can charge me for copying expenses, mail my letters only if I place stamps on the post, charge me for research of case law, after removing an immense amount of research materials from the law library, then why do I have to use the funds that I use for creature comforts, whether earned, or placed into my account by a loved one for the payment of my ability to prosecute my litigation? Ms. Kelly would have this court believe that the DOC is all benevolent and wise in its dealings with the inmate population. This cannot be farther from the truth. The DOC **never** goes without, **never**, absorbs any cost in association with an inmate. They put inmates into the red all the time, only to remove the moneys from the inmate at some time in the future, even if they are released, they seek to collect the funds. This exerts extra pressure on the inmate, he is leaving prison in debt, and can be expected to pay if he is ever incarcerated

....again. Ms. Kelly would like the doctrine of Res Judicata to apply in this case, because it would serve to bar all other litigants from raising the question with regards to access of the encumbered funds. Just because the Supreme Court on a previous motion found against my usage of those funds, it does not bar me from raising the issue in a Federal Court, when the State is protected by the State. It is not known if the Supreme Court adjudicated this issue as a matter of law, or access to the funds just in my case. I was never given a decision, memoranda, or any document other than the Order denying access to those funds, nor have I seen any other ruling on this matter, other than Reise V. Dept. of Corrections, as provided with the initial Motion, and of course, Keenan V. Vose, 634 A2d. 866, in which the Plaintiff tried to pay legal representation in the form of an attorney.

WHEREFORE, the Petitioner Prays that this court will allow this Motion to go forward either in the form of a hearing, or grant the relief sought by the Petitioner, access to these encumbered funds, to help defray some of the costs of this and future litigation.

Submitted By: Kevin J. Smith 3/2/07

Kevin J. Smith, Pro-se
P.O. Box 20983 A-58
Cranston, R.I. 02920

I hereby certify that a true copy of this document was sent to the Office of Legal Counsel for the R.I. Dept. of Corrections, 40 Howard Avenue, Cranston, R.I. 02920 this 2nd day of March 2007.

Kevin J Smith 3/2/07 KJS