UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

KEVIN J. SMITH, PRO-SE

V. C.A.No. 06-553ML

ASHBEL T. WALL II, DIRECTOR,
PATRICK LYNCH, ATTORNEY GENERAL
ET AL.

## RESPONSE TO SHOW CAUSE ORDER

**NOW COMES THE PETITIONER,** and he responds to the Show Cause dated 25 April 2007, and Prays for a decision allowing the current petition of Habeas Corpus, to continue.

Said Petitioner, in reviewing 28§2244, in it's entirety, understands by sub-section (2), that, "The time during which a properly filed application for State **post-conviction or other collateral review,** with respect to the **pertinent judgment or claim** is pending, **shall not be counted toward any period limitation** under this section." The Petitioner takes this sub-section to mean that, the intervening time between said Petitioner's attempts to have adjudicated, and the numerous court appearances to exhaust his State remedies, should not count toward the one-year limitation imposed by this section. The fact that the 8 (eight) years that have elapsed in the pursuit of the exhaustion of the State remedies, before the filing of this Habeas action, only points to the Petitioner following all the various Rules imposed by the State courts and the Rules set down by the Federal Courts, so that, once this action was filed, the Petitioner would have met the federally mandated rule of exhaustion of state remedies, prior to raising this Habeas issue.

The Petitioner can show this court, if it is willing to have the complete record of the original case K297-0399A, and it's subsequent

adjudications through to the Supreme Court of R.I. Decision on 10 November 2007, that the issues that have been raised in this matter have been in collateral review since 22 April 1999, which was under the (1) one year limitation imposed by §2244. The time spent between the Supreme Court's Final Decision and the filing of this §2254 Habeas action, is less than a month, which if applied to the (1) one year limitation, which tolled on the 13th of July 1998, and the initial collateral review of the sentence in April of 1999, would still be under the (1) one year limitation. The court can see this by inspecting the numerous filings by the Petitioner with regards to the clarification of the sentence, and the subsequent Post-Conviction and Supreme Court of R.I. Appeal of the Denial of Post-Conviction Relief. The

The (8) eight years intervening, were in collateral review, and the time between each successive court hearing, was time awaiting the State, and or the Court. A tremendous amount of research on the part of the Petitioner, was necessary for each successive appearance in court. The Petitioner has never stood before the Bar, and self-taught each phase of prosecution of his issues. He is not a Lawyer-in-Fact, and if this court deems it necessary to protect said Petitioner's Rights, the Petitioner will accept counsel to work in conjunction with him on the issues that have been raised.

WHEREFORE, the Petitioner, Kevin J. Smith, Pro-se, Prays that this court will see the merit of his argument, and allow this 28§2254 Habeas Corpus Action to continue up until a time as a Decision is rendered upon the Issues raised by the Petitioner.

Submitted By: [signature]
Kevin J. Smith, Pro-se

I hereby certify that on the 30th day of April 2007, a sent a true copy of this document to the Office of the Attorney General, 150 South Main Street, Providence R.I. 02903

[signature]