**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEVIN J. SMITH** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-553ML** |
| | : | |
| **ASHBEL T. WALL, ET AL** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S RESPONSE TO THIS HONORABLE COURT'S APRIL 25, 2007 SHOW CAUSE ORDER**

28 U.S.C. § 2244(d)(1) provides, in relevant part, that with respect to "an application for writ of habeas corpus" "[a] 1-year period of limitation shall apply", and that "[t]he limitation period shall run from the *** date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" As Petitioner on July 13, 1998, pled *nolo contendere* in the Kent County Superior Court (Gemma, J.) to having, in Coventry, on April 26, 1997, operated a motor vehicle with a blood alcohol level of more than twice the legal limit (resulting in the death of Marie Demers and serious bodily injury to Constance McGregor) it would appear that, for purposes of 28 U.S.C. § 22441(d)(1), his conviction became final on July 13, 1998, and that § 2244(d)'s one-year limitation period would begin to run from that date. Of course, by virtue of 28 U.S.C. § 2244(d)(2), such one-year limitation period is tolled during the time in "which a properly filed application for State post-conviction or other collateral review *** is pending [in state court.]", and Petitioner, in his recently filed *Response To Show Cause Order*, contends that a pleading he submitted in the Rhode Island Superior Court on April 22, 1999 qualifies as an "application for State post-

conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2), so as to toll the running of the one-year limitation period.

While (notwithstanding a diligent search of its records) the State has not been able to retrieve the April 22, 1999 document that Petitioner appears to contend qualifies as an "application for State post-conviction or other collateral review", the *Criminal Docket Sheet Report* of Petitioner's State case (K2-1997-0399A) indicates that that April 22, 1999 submission was a "letter"; and, to judge from another submission of Petitioner around that date, the State has reason to believe that that April 22, 1999 "letter" document related to some sort of sentencing request/complaint of Petitioner. If so, the State would suggest that such "letter", relating to sentencing, would not qualify as an "application for *** other collateral review" within meaning of 28 U.S.C. § 2244(d)(2) (*see* Phillips v. Spencer, 477 F.Supp.2d 306, ___ (D.Mass. 2007)(state motion to revise and revoke sentence does not qualify as a request for "other collateral review" under 28 U.S.C. § 2244(d)(2))), and certainly not as an application for post-conviction relief, which was not filed by Petitioner until 2003.

For these reasons, the State would respectfully ask that this Honorable Court request that Petitioner produce the April 22, 1999 "letter" he believes qualifies as a request for "other collateral review" pursuant to 28 U.S.C. § 2254, so that it may be determined whether such document was actually a collateral attack upon his conviction or merely one relating to a sentencing issue.

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/Aaron L Weisman
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective May 10, 2007, I hereby certify that on the 13th day of February, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Kevin J. Smith, at his last known address of 6743 Flat River Road, Greene, Rhode Island 02827.

/s/ Aaron L. Weisman