**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **KEVIN J. SMITH** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **C.A. 2006-553ML** |
| | : | |
| **ASHBEL T. WALL, ET AL** | : | |
| **Respondent** | : | |

**STATE OF RHODE ISLAND'S RESPONSE TO THIS HONORABLE COURT'S MAY 15, 2007 SHOW CAUSE ORDER**

1. Pursuant to this Honorable Court's *Order* of May 15, 2007, the State has obtained for this Court certified copies of docket sheets from the courts relative to the above-captioned case.

2. Also pursuant to this Honorable Court's *Order* of May 15, 2007, the State will address whether the Petitioner waived his appeal rights when he pled *nolo contendere* on June 12, 1998.

On July 13, 1998, Petitioner Smith pled *nolo contendere* in the Kent County Superior Court (Gemma, J.) to having, in Coventry, on April 26, 1997, operated a motor vehicle with a blood alcohol level of more than twice the legal limit, resulting in the death of Marie Demers and serious bodily injury to Constance McGregor (Tr. of the July 12-13, 1998 plea proceeding at 3-4); the two women, elderly sisters, were returning from a weekly Church Service/social event when Mr. Smith, while operating his vehicle with a blood-alcohol level in excess of .20, struck the vehicle in which the two women were traveling (*id.* at 9-11). In consideration of Mr. Smith's plea to these two most-serious DUI offenses, he was sentenced by Justice Gemma to a cumulative term of fifteen years incarceration at the Adult Correctional Institutions (ACI), the first twelve of those years

to be served, the remaining three suspended for a three year probationary period. (*Id.* at 12-15.) This sentence "had been agreed upon by all parties" (*id.* at 15), and included a provision "that after the defendant serves one sixth of the twelve year sentence, that is two years, he will then be ordered into the minimum security work release unit of the Department of Corrections." (*Id.* at 15.)[1]

The State of Rhode Island has every reason to believe and maintain that this *nolo contendere* agreement was made in conformance with Rule 11 of the Rhode Island Rules of Criminal Procedure (requiring, in most relevant part, that a plea shall only be accepted where the Court has first addressed the defendant personally and determined "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea"), that such plea was made knowingly, intelligently, and voluntarily (*see* Boykin v. Alabama, 395 U.S. 238 (1969)), and that in so pleading Mr. Smith waived not only his right to jury trial, the privilege against self-incrimination, and the right to confront witnesses, *id.*, at 243, but also waived his right to appeal (*see* State v. Keohane, 814 A.2d 327 (R.I. 2003)).

Mr. Smith, nonetheless, did challenge in October of 2003, by way of an application for postconviction relief (pursuant to R.I.G.L. § 10-9.1-1 *et seq.*), his July 13, 1998, *nolo contendere* plea on the principal ground that such plea, in contravention of Rule 11 and Boykin, was not knowing and voluntary because it resulted in a significant consequence (the Adult Correctional Institutions' Director's discretion to remove him from the minimum security work release unit) of which he had not been aware of at the time of the plea. As well, Petitioner asserted in his postconviction relief application that

[1] This sentencing provision was reiterated at a July 12, 2000 proceeding before Justice Pfeiffer, reflected in a written *Order* of that date to that effect.

his plea counsel rendered constitutionally deficient representation by allowing Petitioner to plea in light of his claim that his plea was involuntary as a consequence of his unawareness respecting the Director's removal-discretion.

While the State had successfully repelled these postconviction relief assertions in State Court, and has argued (in its motion to dismiss Petitioner's 28 U.S.C. § 2254 Petition) in this Honorable Court that the Rhode Island Supreme Court's rejection of Petitioner's postconviction relief claims cannot constitute determinations that "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" (28 U.S.C. § 2254(d)(1); (d)(2)), the State does believe that the type of claims raised by Petitioner in his state postconviction relief application are, generically, the type of claims (*viz.*, alleged unawareness as to the direct consequences of a plea, and ineffective assistance of plea-counsel) that may be asserted in a collateral application for state postconviction relief under Rhode Island law.

**STATE OF RHODE ISLAND**
By Its Attorneys,
**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

/s/Aaron L Weisman_________
**AARON L. WEISMAN #4438**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

**CERTIFICATION**

Pursuant to AP 10 of this Court, effective August 1, 2006, I hereby certify that on the 22nd day of May, 2007, I filed this document electronically and that it is available for viewing and downloading from the ECF system; and, I placed a copy of the within document in the U.S. mail, postage prepaid, to Kevin J. Smith, at his last known address of 6743 Flat River Road, Greene, Rhode Island 02827.

/s/ Aaron L. Weisman____