THE FIRST FEDERAL DISTRICT COURT

FOR THE STATE OF RHODE ISLAND

KEVIN J. SMITH, PRO-SE

V. Docket # 06-553ML

ASHBEL T. WALL II, DIRECTOR,
PATRICK LYNCH, ATTORNEY GENERAL,
ET AL.

**RESPONSE TO ORDER OF MAY 15th 2007**

**NOW COMES THE PETITIONER**, Kevin J. Smith, Pro-se, and he responds to the Order dated 15 May 2007. He produces for this court the following documents for it's perusal with regards to the instant matter now before this court.

1. True copy of the transcript of 22nd April 1999, with regards to Petitioner's Rule #35 Motion to Correct/Reduce/Modify.* (Please Note, Criminal Rule #35 is a Motion to Correct/Reduce, Sentence, Court can hear a Motion to Modify, if it so desires.)

2. Copy of Criminal Docket Sheet in Case #K297-0399A/KM03-0971

3. Copy of Supreme Court Docket Sheet in case # 04-367 C.A.

4. Memorandum pertaining to issues at hand.

Submitted By:

Kevin J. Smith, Pro-se #109749
P.O. Box 20983 A-36
Cranston, R.I. 02920

FIRST FEDERAL DISTRICT COURT
FOR THE STATE OF RHODE ISLAND

KEVIN J.SMITH, PRO-SE

V. DOCKET #06-553ML

ASHBEL T. WALL II, DIRECTOR,
PATRICK LYNCH, ATTORNEY GENERAL,
ET AL.

MEMORANDUM

The Petitioner hereby objects to the Court's Order for the Attorney to produce materials in support of the Petitioner's Waiver of hisa Constitutional Rights at the time of sentencing, because it was those mistakenly waived rights which have been called into question with the Petitioner's Due Process Violation.

Any waiver by the Petitioner at the time of sentencing was void by the Laws of the State and of the federal Government. The Petitioner has called into question the ability of the sentencing Justice, to impose a time period into a State Statute, where the Law as it is written, does not authorize that act.

When the Petitioner was sentenced by Justice Gemma, to serve 2 (two) years or 1/6th of his sentence, he did not possess the authority to do so. In sentencing the Petitioner, under R.I.G.L. §12-19-2 (b), which states, "The court upon sentencing a first time offender, excluding capital offense, and sex offense involving minors, may in appropriate cases, sentence the person to a term of imprisonment, and allow the person to continue his or her usual occupation or education, and shall order the person to be confined in a minimum security facility of the A.C.I. during his or her non working or study hours." Once he imposed that sentence he violated R.I.G.L. §12-19-10, which

states, " Imprisonment once commenced, shall not be subject to suspension by the Superior Court." By sentencing me to serve 2(two) years under §12-19-2(b), he violated State Statute by suspending the service of the sentence until the amount of time was served.

Citing Adams V. Sewell, 946 F2d. 757, Fla.1991) it states: " In a Due Process Rights Claim, the Constitutional violation is complete at the moment the harm occurs." That moment was at the sentencing hearing of July 13th 1998. As a layman in matters of Law, I relied upon my Public Counsel to protect these Rights, and I followed his advice when it came to the waiver of those rights. In Am Jur 2nd, Criminal Law §819, Definitness and Certainty, it states: "A high degree of exactitude is required in the pronouncement of judgments imposing penal servitude, and a sentence should be definite, certain, and not dependent on any contingency, or condition. It should clearly reveal the intention of the court, as to the punishment to be inflicted. Where contrary is the case, the benefit of any doubt should be resolved in favor of the defendant." It cannot be said that the sentence imposed in this case was definite and/or certain.

" Ignorance of the law is no excuse for the government, just as it avails not the defendant. Nor are contradictory or confusing statements of the law adequate.....we hold that at a minimum, a prosecutor may not in exchange for a guilty plea, make the promise and/or recommendation of an illegal sentence." Correale V. U.S. 479 F2d. 944, (1973)

The sentence imposed in this case was and still is illegal and/or unathorized. The fact that it violated another State statute, only goe to serve the Petitioner's Habeas Corpus Action. It should not be time barred or dismissed because the Petitioner sought to follow the federally mandated Rule of exhaustion of State remedies, no matter how long it took to exhaust them.

WH

**WHEREFORE**, the Petitioner Prays that this court will allow this Habeas Corpus Action to continue, and grant the relief sought, so that Justice will be served in this matter.

Submitted By:
Kevin J. Smith, Pro-se
P.O. Box 20983 A-36
Cranston, R.I. 02920

I hereby certify that I sent/delivered a true copy of this document to the Office of the Attorney General, 150 South Main Street, Providence, Rhode Island 02903, on the 22nd day of May 2007.

Kevin J. Smith, Pro-se

I hereby certify that on the 22nd day of May 2007, I caused true copies of the following documents to be sent/delivered to the Office of the Attorney General, 150 South Main Street, Providence, Rhode Island, 02903.

1) True Copy of Transcript of 22 April, 1999, heard by Justice Gemma, (Ret.)

2) Copy of Criminal Docket Sheet in Case #K297-0399A/KM03-0971.

3) Copy of Supreme Court Docket Sheet in Case #04-367 C.A.

Submitted By: [signature]

Kevin J. Smith, Pro-se
P.O. Box 20983 A-36
Cranston, Rhode island 02920