**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**KEVIN J. SMITH**

**v.** **C.A. No. 06 -553 ML**

**ASHBEL T. WALL**

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Kevin J. Smith ("Smith" or "petitioner"), *pro se*, an inmate convicted in the Rhode Island state courts over nine years ago, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Attorney General of the State of Rhode Island, designated a party-respondent, filed a motion to dismiss the petition on the merits. Smith objected to the motion. This matter was referred to me for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After reviewing the parties' submissions, I ordered Smith to Show Cause, in writing, why his petition should not be dismissed as time-barred, see 28 U.S.C. § 2244(d)(1)(A), and invited the Attorney General to provide a response. Additionally, I directed the parties to supply the Court with documentation relating to the timeliness issue. For the reasons hereinafter stated, I find Smith's petition for a writ of habeas corpus is barred by the one year limitation period imposed by 28 U.S.C. § 2244(d)(1)(A).

Accordingly, I recommend that Smith's petition be dismissed.

**Background**

On June 12, 1998, Smith pled *nolo contendere* to the charges of driving under the influence, resulting in death (Count 1), and driving under the influence, resulting in serious bodily injury (Count 2). Two other charges were dismissed. As part of the plea agreement, the state recommended, and the sentencing judge accepted, a sentence of fifteen years at the Adult Correctional Institutions, with twelve years to serve on Count 1, and a consecutive sentence of ten years suspended on Count 2. The plea agreement included an order that, after he had served one-sixth of his sentence, or two years, he would be placed in "minimum security work release." At the time of the plea, the director of the Department of Corrections ("department") indicated that the department would honor this agreement.

Smith was incarcerated at the ACI, but as the two year mark of his sentence approached, the department balked at placing him in work release in the absence of a specific court order. An order was thereafter entered, sentencing him to work release on July 12, 2000.

Smith was thereafter transferred to the minimum security work release program, but for various reasons, he never actually participated in work release. On September 7, 2000, he was removed from the program after his urinalysis tested positive for

amphetamines. He successfully appealed the disciplinary action, demonstrating that his prescribed medication may have caused a false-positive test result. His request to return to the work-release program was denied, however, because of additional disciplinary infractions. He eventually returned to minimum security in November 2002, but was again removed in April 2003 for possessing contraband.

On October 30, 2003, Smith filed an application for post-conviction relief in the state courts contending that his sentence was illegal and therefore void, that he was not fully informed of the potential consequences of his plea agreement, and that he received ineffective assistance of counsel. On February 19, 2004, a Superior Court justice denied his application. Smith appealed to the Rhode Island Supreme Court, which affirmed the denial of relief on November 10, 2006.

Smith has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming (1) his sentence was illegal and therefore void, (2) his plea agreement was illegal, and (3) his trial counsel was ineffective. Smith's petition, however, is untimely.

## Analysis

The Anti-terrorism and Effective Death Penalty Act, enacted April 24, 1996, imposed a time limitation on a state prisoner's federal habeas corpus application. Neverson v. Bissonette, 261 F.3d

120 (1st Cir. 2001). 28 U.S.C. § 2244(d)(1)(A) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in state custody pursuant to a judgement of a State court." It also provides that the limitation period shall begin to run on "the date on which the judgement became final by the conclusion of direct review," but that it shall be tolled while any "properly filed application for State post-conviction or other collateral review is pending." 28 U.S.C. § § 2244(d)(1)(A) and (d)(2).

Since this petition was filed on December 21, 2006, the Court's task is to determine the operative dates and whether the limitations period was tolled. Smith's judgement of conviction, after his plea of *nolo contendere* in the Rhode Island Superior Court, was entered on July 13, 1998. When he pled *nolo contendere*, Smith waived his right to appeal to the Rhode Island Supreme Court. See State v. Keohane, 814 A.2d 327, 329 (R.I. 2003)("[A] plea of guilty or *nolo contendere* ... operates as a waiver of the defendant's right to appeal."). Assuming *arguendo* that Smith could have filed an appeal to the United States Supreme Court, Smith's conviction became final upon the expiration of the ninety day period in which he could have sought a writ of certiorari. The one year limitation period therefore began to run on October 12, 1998.

Thus, Petitioner's habeas clock began to tick on October 12, 1998, the day after his conviction became final. His habeas clock

stopped on April 5, 1999, with 175 days on the clock, when Smith filed a motion in the state court to reduce his sentence pursuant to Rule 35 of the Rhode Island Superior Court Rules of Criminal Procedure.[1] A state Superior Court justice, after a hearing, denied this motion on April 22, 1999. No appeal was taken. Therefore, his federal habeas clock resumed ticking on April 23, 1999, and ended 190 days later, or on October 29, 1999.

Thus, Smith had until October 29, 1999 to file a timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Smith filed the instant matter on December 21, 2006, well after the one-year limitations period. Accordingly, the instant petition is time-barred.[2]

## Conclusion

For the reasons set forth above, I recommend that Smith's application for a petition for a writ of habeas corpus be dismissed. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to filed timely, specific objections to this report constitutes waiver

---

[1] The Court assumes *arguendo* that a Rule 35 Motion to reduce sentence may be considered a "properly filed application for state post-conviction or other collateral review." See 28 U.S.C. Section 2244(d)(2).

[2] On May 23, 2003, after the time limitations period had run, Smith filed another motion to reduce his sentence; the state Superior Court denied this motion on June 4, 2003. No appeal was taken.

of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 ( 1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

Jacob Hagopian
Senior United States Magistrate Judge
July 13 , 2007