THE FIRST FEDERAL DISTRICT COURT OF RHODE ISLAND

**KEVIN J. SMITH, PRO-SE**

**V.** **DOCKET #06-553 ML**

**ASHBEL T. WALL II, Director,**
**PATRICK LYNCH, Attorney General,**
**Et Al.**

**OBJECTION TO REPORT AND RECOMMENDATION OF**
**MAGISTRATE JUSTICE HAGOPIAN DATED 13 JULY 2007.**

**NOW COMES THE PETITIONER**, Kevin J. Smith, Pro-se, and he objects to the Report and Recommendation made by Magistrate Justice Hagopian, dated 13 July 2007, with regards to the 28 U.S.C. § 2254 Habeas Corpus Action.

**FOR** the reasons set forth, infra, the Petitioner Prays that this instant action will be revisited by Magistrate Hagopian, and allowed to continue to its conclusion.

**IF**, for whatever reason(s), this 28 U.S.C. §2254 Action is dimissed, the Petitioner, files within this Objection, a Notice of Appeal, to the First District and First Circuit Court of Appeals, for the District of Rhode Island.

The Petitioner, Kevin J. Smith, Pro-se, avers that all statements contained herein, are true and to the best of his recollection.

**OBJECTIONS**

For the reasons set forth below, the Petitioner requests continuation of his cause in this Habeas Corpus Action:

1) In the State's Motion to Dismiss, the State failed to raise the period of limitation, as governed by 28 §2244, and it was only raised by the Magistrate Justice in the due course of the proceeding. It should be granted that since this issue was not raised by the defendants, that it was waived, and not an issue. The Magistrate Justice, when following the Rules, should have Ordered the States to produce it's reasons for why this was not an issue with them, and not the Petitioner to Show Cause why this case should not be dismissed for the imposed time period.

2) The inherent illegality of the sentence imposed on 13th July 1998, the 1/6th or 2 (two) years to serve, prior to implementation of the Pleas Agreement, allowing the Final Judgment to be entered, is cause for this Habeas Action to continue. The Petitioner could not have been able to know that his incarceration was illegal, until the State defaulted on the Plea Agreement, after the entry of the Final Judgment. The Petitioner could not have reasonably known that there was a problem until **after** the entry of the Final Judgment.

3) The Petitioner has, from the beginning, stated that he is **not** a expert in the ways of the Laws. He has sought to increase his knowledge to represent himself in all matters before the court, in the proper manner, and in accordance with the Rules. In seeking to exhaust his remedies in State court, **prior**, to seeking Federal relief in this case, has been made to switch from State Law to the Federal Law, which your Honor should know is different as night and day. In reviewing the Procedure for Habeas Corpus Action under 28 U.S.C. § 2254, the Petitioner did not see the time limitation within that section. The Petitioner, has tried to keep abreast of the current laws and decisions, but due to the inadequate access, and inadequate law research materials in the Rhode Island Prison System, the

outdated tomes of law, the disposal of numerous Federal Reference books, U.S.C. Codes, Federal Practice Digests, and many other refer-books, by the Department of Corrections, over the past three years, has handicapped the Petitioner to a tremendous extent that, the Attorney General's Office, through inter-net access, can have at their fingertips, the Lexus Nexus, along with any other number of reference texts, with regards to any law subject. The Petitioners incarceration should not be a bar to equal access of the law, especially, when the law changes with the rapidity that it does. The destruction of law tomes by the Dept. Of Corrections, without giving an inmate the ability to effectively prosecute his or her case, when forced to represent themselves, placing a tremendous onus onto said inmate under the guise of "adequate law reference" is both wrong and heinous. It is no wonder that the section of 28 U.S.C. § 2244, was overlooked by the Petitioner.

4) The 28 U.S.C. § 2254 Habeas Corpus Action now before this court, will not be heard because of a "time limitation" and it does not matter that the questions raised by the Petitioner with regards to his sentence, plea agreement, and the Constitutional Violations inherent with the violation of state statutes, is not good law. I was under the impression that a Justice, (Judge), was able to interpret the laws and rules fairly and justly for all parties involved, and that if a wrong was done to a person's Constitutionally guaranteed Rights, it was the duty of the court and the Justice Presiding, to make determinations as to a fair and impartial hearing regarding the merits and questions that arise regarding the alleged Constitutional Violation. Would it not be better for all of the parties involved, to have the hearing on the merits of the case, then to allow a possible miscarriage of Justice to occur?

5) In American Jurisprudence 2nd, Habeas Corpus, §126, In Federal Courts, it states: ".... But in determining whether a petition sufficiently shows the petitioner to be entitled to the writ, is liberally construed."

In AmJur 2nd, Habeas Corpus, §129, Generally; allowance and issuance, it states: "... Judicial discretion is exercised in its issuance, and such facts must be made to appear to the judge to whom the petition is presented as, **in his judgment**, Prima Facie entitle the petitioner to the writ..... but only where the application contains allegations which, **if true**, would authorize the discharge of the person held in custody."

AmJur 2nd. habeas Corpus, §130 In federal courts, it states: .... However, a federal court judge who is asked to issue a writ of habeas corpus need not be very critical in looking to the petition for very clear grounds for the exercise of jurisdiction, because, when the prisoner is brought before the court, justice or judge, the latter's power to make full inquiry into the cause of commitmentor detention will enable him to correct any **errors or defects in the petition.**

6) Wests Federal Practice Digest 4th, Habeas Corpus, key 209, discretion of the court, it states: **D.R.I. 1993,**"Federal courts have broad discretionary powers when acting on habeas corpus." (Burke V. Vose 847 F.Supp. 256)

**C.A.1(R.I.) 1991,** " Fact that seven years after habeas petitioner was found guilty and sentenced to life imprisonment, he plead guilty to the crime charged, did not preclude grant of habeas relief based on ground that petitioner's due process rights were violated in his state trial."
( Ouimette V. State, 924 F2d. 1, Const. Amends 5,14)

**C.A.11(Fla.) 1991,** " Extraordinary Circumstances standard of equitable tolling of federal habeas corpus statute's limitation period focuses on circumstances surrounding late filing of habeas petition, rather than circumstances surrounding underlying conviction."
( Helton V. Secretary for Dept. of Corrections, 259 F.3rd. 1310, rehearing denied 275 F.3rd. 49 certiorari denied, 122 S.Ct. 1965, 535 U.S. 1080, 152 L.Ed. 2nd 1025, on subsequent appeal 87 Fed. Appx. 783, certiorari denied 125 S.Ct. 40, 543 U.S. 824, 160 L.Ed. 2nd 36.)

7) The "extraordinary circumstances" in this instant case are the facts that :

a) The completion of the requirement of 1/6th or 2 (two) years to serve, **before** the actual placement into the work-release program, it could not have been known that there was the possibility that the sentence was illegal/unauthorized, until the refusal of the Dept. of Corrections balked on this placement, producing a bar to the filing of this habeas corpus action,

b) The sentence, in conflict with the two state statutes,

(a) §12-19-2, which did not authorize the 2 years, 1/6th to serve,

(b) § 12-19-10, which the sentence did in effect do, which was suspend the imprisonment once it commenced.

The extraordinary sentence, cased the petitioner to file this habeas corpus action late, and the seeking to exhaust all the state remedies, in accordance with the rules also delayed filing. The Petitioner requests that due to the oddness of this habeas action, that the Justice Presiding, grant that the filing was late due to the extraordinary circumstance inherent in the sentence and allow that the tolling of this section 28 § 2244 to occur after the exhaustion of the state Appellate Decision, and allow this matter to continue.

**CONCLUSION**

The Petitioner Kevin J. Smith, Pro-se, has followed all of the prescribed Rules of the State and of the Federal district for the State, and only seeks to have his questions of law answered. The state failed to act and answer the questions raised in both the Post-Conviction Relief, and the Appeal of the Post-Conviction Relief. ~~and has sought to act in consistency with all rules.~~ To allow the question of the illegality/unauthorization of the sentence, in violation of Due Process Rights to go unanswered because of the time limitation of the statute, would be a miscarriage of Justice. The court and the Justice Presiding have the authority to have a hearing, even though time elapsed in the filing of this action, when the Petitioner tried to follow the rules of procedure.

**WHEREFORE**, the Petitioner, Kevin J. Smith, Pro-se, Prays that this Honorable Court and the Justice Presiding, will, in the interest of Justice and fairness, allow this mater to continue to it's conclusion. He also Prays that if this court decides to dismiss this action, it will appoint an Appellate Attorney to assist him with the filing of his appeal.

Submitted By:

Kevin J. Smith, Pro-se this 20th day of July 2007
P.O. Box 20983 A-36
Cranston, R.I. 02920

I hereby certify that on the 20th day of July 2007, a true copy of this document was mailed through the Inmate Mailing System of the Department of Corrections, to the Office of the Attorney General, 150 South Main Street, Providence, Rhode Island 02903.

Kevin J. Smith, Pro-se