THE FIRST FEDERAL CIRCUIT COURT OF APPEALS

**KEVIN J. SMITH, PRO-SE**

**V.** **Docket #06-553ML**

**ASHBEL T. WALL II, Director,**
**PATRICK LYNCH, ATTORNEY General,**
**ET Al.**

## APPEAL OF DENIAL OF HABEAS CORPUS UNDER 28 U.S.C. § 2253

**NOW COMES THE PETITIONER**, Kevin J. Smith, Pro-se, and he prays for the relief sought within this Motion for Appellate relief.

Said Petitioner, avers that all statements contained herein, are true, and to the best of his recollection.

## BACKGROUND

On July 13th 1998, the Petitioner was induced to plead Nolo Contendere to 1 Count of Driving Under the Influence, Death Resulting, and 1 Count of Driving to Endanger, Serious Bodily Injury Resulting.

In exchange for this plea of Nolo, the Petitioner would be sentenced as a first time offender of Rhode Island General Law §12-19-2 (b), and allowed to continue his normal occupation, with support of his family. On the day of sentencing, the Public Defender in his case approached the defendant and his spouse, and told him that the plea agreement was changed, on the behest of the victim's family, to the

service of 2, (two) years, or 1/6th of the sentence of 12, (twelve) years to serve, **before**, the defendant would be eligible for the Work-Release Program, under which sentencing under R.I.G.L. §12-19-2(b) was supposed to do. The defendant, relying upon the advice of his counsel, accepted this stipulation, and agreed to the sentencing.

After the service of the 2, (two) years, 1/6th of the sentence to serve, the defendant requested to be placed in the Work-Release Program as intended by the sentencing under §12-19-2(b), but the Dept. of Corrections balked with this placement. The defendant then requested the court's assistance with this placement, and it was ordered by a Superior Court Justice.

The defendant was placed on the **Work-Release floor,** and during the month or so that he spent on that floor, he was **not allowed** to participate in the work-release program, or actively seek employment. After a routine urinalysis, the defendant supposedly tested positive for amphetamines, and removed to a higher security, The defendant then proved that his "dirty urine" was not caused by illicit drug use, but was a side-effect of his usage of a prescribed medicine, Zantac.

The Dept. of Corrections then cited <u>that</u> incident as one of the reasons that the defendant was ineligible to return to the work-release program as well as one minor infraction that occurred **after** the defendant was brought back to the higher security, for a non-incident. The allusion to the defendant being allowed to be on work-release status, or the allusion that the defendant was sent back to minimum security, because the Dept. of Corrections adhered to the agreement, is wrong. It has somehow been construed that the defendant was allowed to go back to minimum security, and for disciplinary problems, was removed. The defendant was sent back to minimum security after two more years in a higher security, but his "upgrade" to that facility was a matter of course, part of the classification system, that originally mandated that the defendant's "agreement" was not to be honored, because of the "unfettered" discretion of the DOC in classification matters.

The defendant then sought to correct this "agreement" with numerous motions in the state's courts, up to and including, Post-Conviction Relief Appeal in the state's Supreme Court. In seeking to exhaust all of his state remedies, **prior**, to the filing of this Habeas Corpus Action, in accordance with the Rules governing this action, the limitation of time after the entry of the final judgment, was surpassed, but due to the inherent illegality and/or lack of authority to impose a "timeline" into a state statute, which then violated another state statute by it's implementation, there was no way that even with Due Diligence, that the defendant could have known there was a violation to his Constitutional Rights, **until** after the entry of the Final Judgment, which occurred after the 2,(two) year, 1/6th of the sentence to serve mark. By the time that it was found that there was a serious problem with the sentence, the limitation had tolled, and the defendant was denied this remedy of habeas corpus.

**DISCUSSION**

In this instant case, even though the time limitation had tolled on the filing of this matter with the District Court, there exists "extraordinary circumstances" which precluded the filing of this action. As stated supra, the defendant could not have known that a serious problem existed with his plea agreement, **until after** the entry of the Final Judgment, and **after** the service of the 2,(two) years, 1/6th of the sentence to serve. The entry of the Final Judgment was in error because of the violation of the defendant's constitutional rights.

The defendant has asserted right along, in all of his motions to the courts, the his sentence was illegal/unauthorized, and that the constitutional violation of his Due Process Rights, voided the sentence ant the judgment. Ergo, if the sentence and judgment are void, then the Final Judgment has no effect or efficacy. The ability of the defendant to prosecute his constitutional violation under habeas corpus is the only proper venue for him to attack his incarceration. His incarceration is illegal/unauthorized, and he seeks to correct this mistake by the Writ of Habeas Corpus.

The defendant has produced sufficient evidence on his behalf with regards to his sentence being illegal/unauthorized. He has submitted to the lower courts, cases of law , and decisions that effect his incarceration. Infra, the defendant will briefly touch the issues to be decided in his case, as well as decisions related to the granting of this appeal.

**RELEVANT LAW**

For the purposes of this appeal, the defendant will limit his citations.

In regards to Justice/Court's Authority with Rules:
(28 U.S.C. § 2254, Rule #11, 394 U.S. at 299, Advisory Committees Notes)
" The court does not have to rigidly apply rules inconsistent or inequitable in the overall framework of habeas corpus."

(394 U.S. at 294)

"The court then reiterated its commitment to Judicial discretion in formulating rules and procedures for habeas corpus proceedings by stating:

> [T]he habeas corpus jurisdiction and duty to exercise it being present, the courts may fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage. Where their duties require it, this is an inescapable obligation of the courts. Their authority is expressly confirmed in the All Writs Act, 28 U.S.C. § 1651

With regards to time limitation of 28 § 2244:

28 U.S.C. § 2244,(d),(1),(D), states: "A 1-year period of limitation... The period of limitation shall run from the latest of- (D), the date on which the factual predicate of the claims or claims could have been discovered through due diligence,"

The Petitioner became aware of the illegality of the sentence and the Due Process Rights Violation on 30th April 2003, after extensive

research into his sentence, and upon filing for transcripts in association with his Application for Post-Conviction Relief. The period of time that had elapsed between Rule #35 Motion and request for transcripts, was spent in various other state court appearances in trying to have his plea agreement adhered to. The Petitioner could not have known that his Due Process rights were violated until **after** the completion of the non-authorized by statute, 2,(two) years, or 1/6th of his sentence to serve. **Only after** the entry of the Final Judgment, and **after** the completion of the 2 years, and the subsequent denial by the Dept. of Corrections, could the questions to the illegality of the sentence, and the Due Process Rights Violations could be raised.

Up until the service of the 2 years, the Petitioner believed that his sentence was valid, and that he would receive the specific performance inherent in his plea agreement. When, under the guise of disciplinary action, the Dept. of Corrections balked at honoring the plea agreement, did the necessity of research into the plea agreement find it void for non-conformity to statutory provisions, which caused the "snowball" effect to the Petitioner's Due Process rights, ineffective assistance of counsel, performance to an illegal/unauthorized sentence and judgment, etc.

Due diligence was exercised by the Petitioner in seeking to exhaust all of his state remedies prior to filing this habeas corpus action, it was also used throughout all court proceedings.

By sub-section (d),(1),(D), the factual predicate of the claim occurred on or about 30th April 2003, when, after due diligence discovered that the Justice presiding over the case did not possess the authority to alter the state statute §12-19-2, in doing that alteration, he also violated state statute §12-19-10, which prohibits suspension of a sentence once commenced. By not conforming to the statute in the character or extent of the punishment, he voided the sentence and the judgment therefore causing the Due Process violation, and made the Final Judgment in error.

" A sentence must conform strictly to statutory provisions, and a sentence that does not conform to statutory provisions either in character or extent of the punishment imposed, is void."
(Am Jur 2nd., Criminal Law, Unauthorized Sentence, § 825)

" An illegal sentence is one that is not authorized by law, stated otherwise, an illegal sentence is one that exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, fails to conform to oral pronouncement of the sentence, is ambiguous, or otherwise violates the constitution or the law, An illegal sentence is void."

( Am Jur 2nd., Criminal Law, Illegal sentence, § 821)

With regards to Habeas Corpus:

"...It is generally held that, habeas corpus lies where the court was without jurisdiction in rendering the judgment, or exceeded it's power in passing the sentence.... the view is also taken that a judgment may be void and thereby subject to attack, for certain extreme irregularities other than lack of jurisdiction."

"....where the judgment does not authorize or support the process under which the relator is imprisoned, or where the judgment of conviction is rendered under a void statute, or for acts to which the statute does not apply."

(Corpus Juris Secundum, Habeas Corpus, § 83)

With regards to Due Process:

" Punishment cannot be imposed without Due Process of Law"

( Kennedy V. Mendoza-Martinez, 372 US 144, 83 S.Ct. 544, 9 LEd.2d. 644)

" In a Due Process Rights Claim, the constitutional violation is complete at the moment the harm occurs."

(Adams V. Sewell, 946 F2d. 757, Fla. 1991)

" The Due Process Clause requires that the government follow appropriate procedures when it seeks to deprive any person of, life, liberty, or property, and it prevents certain government actions,

"..regardless of the fairness of the procedures used to implement them."
(Am Jur 2nd., Constitutional Law § 902)

The Petitioner states that there is significant law decided by the courts in favor of the his contentions. The fact that the District Court dismissed this habeas action due to a time bar, does not change the facts that there was a Due Process violation with the imposition of the illegal/unauthorized sentence, that, in addition to not conforming with the statutory requirements of R.I.G.L. §12-19-2, R.I.G.L. §12-19-10 was violated with the imposition of the sentence, The Justice presiding lost jurisdiction over the case when he imposed this sentence and with that loss of jurisdiction, the judgment was void.

The Petitioner contends that, if jurisdiction was lost, the sentence, and or judgment was void, then the Final Judgment was entered in error, and this court should be allowed to hear this instant case.

**WHEREFORE**, The Petitioner Prays that this Circuit Court of Appeals, will issue a Certificate of Appealability to the District Court, and allow this Habeas Corpus Action to continue, so that in the end, Justice on behalf of either party, will prevail.

Submitted By: Kevin J. Smith

Kevin J. Smith, Pro-se
P.O. Box 20983, A-36, Cranston, R.I. 02920

I hereby certify that on the 6th day of August, 2007, I sent/mailed a true copy of this document to the Office of the Attorney General, 150 South Main Street, Providence, Rhode Island 02903.